**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**STATE OF OHIO,**

      **Plaintiff,**

          **Case No. 1:22-cv-707**

  **v.**

          **JUDGE DOUGLAS R. COLE**

**MICHAEL WATSON,**       **Magistrate Judge Litkovitz**

      **Defendant.**

**<u>ORDER</u>**

Before the Court is Magistrate Judge Litkovitz's February 17, 2023, Report and Recommendation (R&R, Doc. 4), which recommends the Court sua sponte dismiss the case and remand to state court because the Court lacks subject matter jurisdiction over this action. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4), and accordingly **DISMISSES** the case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County, Ohio, Court of Common Pleas.

Watson, who also apparently goes by the name Michael De'Angelo Watson Bey, is a criminal defendant in a matter pending before Hamilton County Court of Common Pleas.[1] (Not. of Removal, Doc. 3, #167, Doc. 3-1, #186–90). Prior to his attempted removal of this matter, he pleaded guilty to one count of trafficking in fentanyl—he has not yet been sentenced.[2] (Doc. 3-1 at #185–90). Cutting through the

---

[1] The relevant state court records are judicially noticeable. *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004).

[2] Watson also pleaded guilty to a fentanyl trafficking charge in a separate criminal case pending before the Hamilton County Court of Common Pleas, which cause he also sought to remove to this Court on the same day. *Ohio v. Watson*, No. 1:22-cv-708 (Doc. 1) (S.D. Ohio

largely incomprehensible Notice of Removal, one finds that Watson intends his removal to convert his state criminal case into a federal civil case. (*See generally* Doc. 3, #169–71). When he filed his notice of removal, Watson also moved for leave to proceed in forma pauperis (IFP). (Doc. 1). Under this Court's General Order Cin. 22-02, the matter was referred to a Magistrate Judge. On February 17, 2023, the Magistrate Judge granted Watson IFP status. (Doc. 2). That same day, invoking the Court's authority under 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(h)(3) to conduct a sua sponte review of the notice of removal, the Magistrate Judge issued her R&R recommending that the Court dismiss the case for lack of jurisdiction and remand it to the state court. (Doc. 4, #326, 331).

The R&R also advised Watson that failing to object within 14 days could result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. (Doc. 4, #331). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Watson needed to object by March 3, 2023. The time for objecting has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See*

---

Nov. 30, 2022) (Cole, J.). While materially similar to the case at bar, the Court deals with Watson's removal of that companion state criminal case in a separate order filed on the relevant docket.

*also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Simply put, the Magistrate Judge did not clearly err in determining that Watson has identified no grounds for why this case should be in federal court. As the underlying state action is a criminal proceeding, Watson cannot rely on removal statutes that govern removals of civil actions. 28 U.S.C. § 1441. And removal does not "magically transform the state criminal case against him into a federal civil case against the state." *Ohio v. Bey*, No. 1:22-cv-660, 2023 WL 317512, at *1 (S.D. Ohio Jan. 19, 2023) (quotation omitted). Moreover, the criminal removal statutes are simply inapplicable: Watson's notice of removal is rife with only "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans," *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017), which rhetoric does not constitute a legitimate basis for removal. *Bey v. Massachusetts*, No. 21-11505, 2022 WL 425727, at *3 (D. Mass. Feb. 9, 2022) (collecting cases rejecting these arguments as bases for the removal of state criminal prosecutions). So the Court concludes that the Magistrate Judge did not clearly err in finding that there was no valid basis for this Court to exercise federal subject matter jurisdiction and that summary remand is therefore warranted. 28 U.S.C. § 1455(b)(4); *accord* Fed. R. Civ. P. 12(h)(3).

Finally, because Watson is proceeding IFP, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Because Watson's fanciful rhetoric cites no legitimate grounds for why this case is properly in federal court, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this decision IFP would not be in good faith.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 4) and **DISMISSES** this case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County, Ohio, Court of Common Pleas. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, and **DENIES** Watson leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

      **SO ORDERED.**

October 18, 2023
**DATE**

      **DOUGLAS R. COLE**
      **UNITED STATES DISTRICT JUDGE**

4